UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4TH Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.; Jeffrey M.
Raymond, Esq., Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

FREDERICO C. MAGALHAES, DEBTOR

| | |
|---|---|
| Case No.: | 22-13079 SLM |
| Chapter: | 13 |
| Adv. No.: | Click or tap here to enter text. |
| Hearing Date: | 11/9/2022 @ 8:30 A.M. |
| Judge: | Stacey L. Meisel, U.S.B.J. |

## CERTIFICATION OF SERVICE

1. I, Kenneth Raymond:

   ☐ represent Click or tap here to enter text. in this matter.

   ☒ am the secretary/paralegal for Raymond & Raymond, Esqs., Herbert B. Raymond, Record Counsel, who represents Debtor in this matter.

   ☐ am the Click or tap here to enter text. in this case and am representing myself.

2. On October 4, 2022, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below.

   Modified Chapter 13 Plan
   Chapter 13 Transmittal Letter
   Real Property Appraisal

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date:    October 4, 2022          /S/ KENNETH M. RAYMOND
                                  Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie-Ann Greenberg, Esq. Chapter 13 Standing Trustee 30 Two Bridges Rd. Fairfield, N.J. 07004 | CHAPTER 13 TRUSTEE | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☒ Other Electronic Notice<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Mark and Jennifer O'Connor 13 Wooten Rd. Essex Fells, NJ 07021 | CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Bell, Shivas & Bell, PC PO Box 220 Rockaway, NJ 07866 | ATTORNEYS FOR CREDITOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Click or tap here to enter text. | Click or tap here to enter text. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| Click or tap here to enter text. | Click or tap here to enter text. | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other Click or tap here to enter text.<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
_____
**Caption in compliance with D.N.J. LBR 9004-1(b)**

Raymond & Raymond, Attorneys at Law
7 Glenwood Avenue, 4th Floor
East Orange, New Jersey 07017
(973) 675-5622; (408) 519-6711 Telefax
Email: herbertraymond@gmail.com
Herbert B. Raymond; Jeffrey M. Raymond, Esq.;
Kevin L. DeLyon, Esq.
Attorneys for the Debtor(s)

In Re:

FREDERICO C. MAGALHAES, DEBTOR

Case No.:      22-13079 SLM

Hearing Date:  11/9/2022 8:30 am

Judge:      Stacey L. Meisel

## NOTICE OF CHAPTER 13 PLAN TRANSMITTAL

The enclosed ☐ plan, ☒ modified plan is proposed by the debtor and was filed on
_____OCTOBER 3, 2022_____. It has been served on you because the plan contains motions
that may adversely affect your interest.

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. This plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

☒ **Real Property:**

The debtor(s) has valued real property located at 176 Central Avenue, West Caldwell,
New Jersey 07006_____ [*address*] at $_____525,000_____. The
debtor(s) believes the first lien on the property to be in the approximate amount of $___449,826.14___

*[insert other liens as appropriate]*. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

 The debtor's valuation of the property is based on: (a) comparative market analysis; (b) broker price opinion; (c) appraisal; or (d) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

☐ **Personal Property:**

 The debtor(s) has valued personal property described as: _____
_____ at $_____.
The debtor(s) believes the lien on the property to be in the approximate amount of $_____ *[insert other liens as appropriate]*. As such, the debtor(s) believes there is inadequate equity available to satisfy your lien and seeks through the plan to reduce, modify or eliminate your lien.

 The debtor's valuation of the property is based on: (a) broker price opinion; (b) appraisal; or (c) other: _____, a copy of which is attached. All forms of relief sought by motion appear in Part 7 of the plan.

 The Confirmation Hearing is scheduled for ____ NOVEMBER 9, 2022 @ 8:30 A.M. ____. Objections to any relief sought in the plan, including relief sought by motion, must be filed with the Clerk of the Bankruptcy Court no later than 7 days prior to the confirmation hearing.

 YOU SHOULD CONSULT WITH AN ATTORNEY PROMPTLY, SINCE ENTRY OF AN ORDER OF CONFIRMATION WILL BIND YOU TO ALL OF THE TERMS OF THE CONFIRMED PLAN.

*rev.8/1/17*

# REAL ESTATE VALUE ESTIMATE

**SUBJECT**

| | | | | |
|---|---|---|---|---|
| Contact    FREDERICO MAGALHAES | | | Census Tract 218.03 | Map Reference DIGITAL |
| Property Address  176 CENTRAL AVE | | | Check one:  ☒ SF  ☐ PUD  ☐ CONDO | ☐ 2-4 Units |
| City    West Caldwell | | County ESSEX | State NJ | Zip Code 07006 |
| Phone No. Res.  N/A | Land Amount $    N/A | Term    N/A | Mos. Owner's Est. of Value $  N/A | |
| No. of Rooms | No. of Bedrooms | No. of Baths | Family room or den | Gross Living Area |
| 6 | 3 | 2 | ☐ Yes  ☒ No | 1,580  Sq. Ft. |

Garage/Carport (specify type & no.)  driveway
Porches, Patio or Pool (specify)  patio
Central Air  ☐ Yes  ☒ No

**FIELD REPORT**

## NEIGHBORHOOD

| | | | | |
|---|---|---|---|---|
| Location | ☐ Urban | ☒ Suburban | ☐ Rural | |
| Built Up | ☒ Over 75% | ☐ 25% to 75% | ☐ Under 25% | |
| Growth Rate ☒ Fully Dev. | ☐ Rapid | ☐ Steady | ☐ Slow | |
| Property Values | ☒ Increasing | ☐ Stable | ☐ Declining | |
| Demand/Supply | ☒ Shortage | ☐ In Balance | ☐ Oversupply | |
| Marketing Time | ☒ Under 3 Mos. | ☐ 4-6 Mos. | ☐ Over 6 Mos. | |

|  | Good | Avg | Fair | Poor |
|---|---|---|---|---|
| Property Compatibility | | ☒ | | |
| General Appearance of Properties | | ☒ | | |
| Appeal to Market | | ☒ | | |

Present Land Use    60% 1 Family    5 % 2-4 Family    5 % Apts.    5 % Condo    25% Commercial    % Industrial    % Vacant    %
Change in Present Land Use    ☒ Not Likely    ☐ Likely    ☐ Taking Place In    To
Predominant Occupancy    ☒ Owner    ☐ Tenant    % Vacant
S/F Price Range $  325,000  to $  750,000+    $  525,000  = Predominant Value
S/Family Age    1  yrs. to 200+  yrs.  Predominant Age    80  yrs.

Comments including those factors affecting marketability (e.g. public parks, schools, view, noise)    THE SUBJECT IS LOCATED IN A NEIGHBORHOOD WITH
MIXED STYLE DWELLINGS.  ADEQUATE ACCESS TO SCHOOLS, LOCAL SHOPPING AND PUBLIC TRANSPORTATION.

## SUBJECT PROPERTY

Approx. Yr. Blt. 18 92  # Units 1    # Stories  TWO
Type (det, duplex, semi/det. etc.)    DETACHED
Design (rambler, split, etc.)    COLONIAL
Exterior Wall Mat.    VINYL    Roof Mat.  ASPHALT
Is the property in a HUD-Identified Special Flood Haz. Area?    ☒ No    ☐ Yes
Special Energy-Effic. Items    TYPICAL FOR AREA

| PROPERTY RATING | Good | Avg | Fair | Poor |
|---|---|---|---|---|
| Condition of Exterior | | ☒ | | |
| Compatibility to Neighborhood | | ☒ | | |
| Appeal and Marketability | | ☒ | | |

Comments (favorable or unfavorable incl. deferred maintenance)    EXTERNAL CONDITION DUE TO THE SUBJECT'S TRAFFIC STREET LOCATION.
QUALITY OF CONSTRUCTION IS AVERAGE WITH SOME UPDATES.  PATIO, DECK, UNFINISHED BSMT, sections of the subject's
kitchen and 1st level bath are partially updated at time of inspection.

**MARKET COMPARABLE ANALYSIS**

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Address | 176 Central Ave<br>West Caldwell | 30 Fairfield Ave<br>West Caldwell | 14 Kramer Ave<br>West Caldwell | 133 Central Ave<br>West Caldwell |
| Proximity to Sub. | | 0.71 miles W | 0.17 miles NE | 0.20 miles S |
| Sales Price | $ | $ 500,000 | $ 537,500 | $ 570,000 |
| Date of Sale and | DESCRIPTION | DESCRIPTION +(−)$ Adjust. | DESCRIPTION +(−)$ Adjust. | DESCRIPTION +(−)$ Adjust. |
| Time Adjustment | | 02/23/2022 | 10/13/2021 | 12/10/2021 |
| Location | traffic st | traffic st | average    −5,000 | traffic st |
| Site/View | .16 ACRE/AVG | .17 ACRE/AVG | .33 ACRE/AVG | .20 ACRE/AVG |
| Age | 130 | 109 | 94 | 97 |
| Condition | average | average | average | average |
| Living Area Rm. | Total  B-rms.  Baths | Total  B-rms.  Baths | Total  B-rms.  Baths | Total  B-rms.  Baths |
| Count and Total | 6    3    2 | 7    3    2 | 8    3    2 | 6    3    2.1    −2,000 |
| Gross Living Area | 1,580  Sq. Ft. | 1,783  Sq. Ft.  −8,000 | 2,180  Sq. Ft.  −24,000 | 1,273  Sq. Ft.  +12,000 |
| Air Conditioning | NONE | NONE | CENTRAL AIR  −3,000 | CENTRAL AIR  −3,000 |
| Garage/Carport | driveway | 2 car/driveway  −6,000 | 2 car/driveway  −6,000 | 2 car/driveway  −6,000 |
| Porches, Patio, etc. | patio | deck | patio | patio |
| Pools, etc. | NONE | NONE | FIREPLACE  −3,000 | NONE |
| Special Energy-Efficient Items | TYPICAL | TYPICAL | TYPICAL | TYPICAL |
| Other | unf bsmt | unf bsmt | unf bsmt | fin bsmt  −5,000 |
| Net Adjust (Total) | | ☐ +  ☒ −  $  −14,000 | ☐ +  ☒ −  $  −41,000 | ☐ +  ☒ −  $  −4,000 |
| Indicated Value Sub. | | Net 2.8 Gross 2.8 $  486,000 | Net 7.6 Gross 7.6 $  496,500 | Net 0.7 Gross 4.9 $  566,000 |

General Comments    see addendum

Completed By JOHN MACK    *John Mack*
Signature

Estimated Value $    520,000    as of    APRIL 30, 2022
Title  NJLRA 42RA00320500
Date    05/30/2022

[Y2K]

## REAL ESTATE VALUE ESTIMATE
### COMPARABLE SALES

The undersigned has recited three recent sales of properties most similar and proximate to the subject and has considered these in the market analysis. The description includes a dollar adjustment, reflecting market reaction to those items of significant variation between the subject and comparable properties. If a significant item in the comparable property is superior to, or more favorable than, the subject property a minus (-) adjustment is made, thus reducing the indicated value of subject; if a significant item in the comparable is inferior to, or less favorable than, the subject property, a plus (+) adjustment is made, thus increasing the indicated value of the subject.

| ITEM | SUBJECT | COMPARABLE NO. 4 | +(-)$ Adjust. | COMPARABLE NO. 5 | +(-)$ Adjust. | COMPARABLE NO. 6 | +(-)$ Adjust. |
|---|---|---|---|---|---|---|---|
| Address | 176 Central Ave | 113 Lane Ave | | | | | |
| | West Caldwell | West Caldwell | | | | | |
| Proximity to Sub. | | 1.21 miles SW | | | | | |
| Sales Price | $ | $ 535,000 | | $ | | $ | |
| Date of Sale and | DESCRIPTION | DESCRIPTION | +(-)$ Adjust. | DESCRIPTION | +(-)$ Adjust. | DESCRIPTION | +(-)$ Adjust. |
| Time Adjustment | | 02/10/2022 | | | | | |
| Location | traffic st | traffic st | | | | | |
| Site/View | .16 ACRE/AVG | .20 ACRE/AVG | | | | | |
| Age | 130 | 117 | | | | | |
| Condition | average | average | | | | | |
| Living Area Rm. | Total \| B-rms. \| Baths | Total \| B-rms. \| Baths | | Total \| B-rms. \| Baths | | Total \| B-rms. \| Baths | |
| Count and Total | 6 \| 3 \| 2 | 7 \| 4 \| 1.1 | +2,000 | | | | |
| Gross Living Area | 1,580 Sq. Ft. | 1,896 Sq. Ft. | -13,000 | Sq. Ft. | | Sq. Ft. | |
| Air Conditioning | NONE | NONE | | | | | |
| Garage/Carport | driveway | driveway | | | | | |
| Porches, Patio, | patio | porch, deck | -3,000 | | | | |
| Pools, etc. | NONE | NONE | | | | | |
| Special Energy- | TYPICAL | TYPICAL | | | | | |
| Efficient Items | | | | | | | |
| Other | unf bsmt | unf bsmt | | | | | |
| Net Adjust. (Total) | | ☐+ ☒- $ | -14,000 | ☐+ ☐- $ | | ☐+ ☐- $ | |
| Indicated Value Sub. | | Net 2Gross 3.4 $ | 521,000 | Net   Gross $ | | Net   Gross $ | |

Comments:

Form RVE.(AC) - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

Supplemental Addendum                                    File No. BL 507 LOT 4

| Borrower/Client | FREDERICO MAGALHAES | | | | | |
| Property Address | 176 CENTRAL AVE | | | | | |
| City | West Caldwell | County | ESSEX | State | NJ | Zip Code 07006 |
| Lender | FREDERICO MAGALHAES | | | | | |

INTENDED USER:  THE INTENDED USER OF THIS APPRAISAL INCLUDES THE CLIENT, THE CLIENT'S ATTORNEY AND OR ACCOUNTANT AND AND ANY THIRD PARTIES.

INTENDED USE:  THE INTENDED USE OF THE APPRAISAL IS TO ESTIMATE THE FAIR MARKET VALUE OF THE SUBJECT FOR BANKRUPTCY PURPOSES.

SCOPE OF WORK:  THE SALES COMPARISON APPROACH TO VALUE WAS USED IN THIS REPORT.  THIS METHOD BEST INDICATES ACTIONS OF THE MARKET FOR THIS TYPE PROPERTY.  THE COST APPROACH TO VALUE WAS NOT UTILIZED DUE TO A LACK OF ADEQUATE LAND SALES TO DEVELOP THE SITE VALUE.  THE INCOME APPROACH TO VALUE WAS NOT UTILIZED DUE TO THE LACK OF SINGLE FAMILY SALES THAT WERE SOLD WHICH WERE RENTED IN ORDER TO ARRIVE AT A GROSS RENT MULTIPLIER.

HIGHEST AND BEST USE: THE SUBJECT AS IMPROVED IS A LEGALLY PERMISSIBLE USE BASED ON IT'S CURRENT ZONING.  THE LOT SIZE, SHAPE, PHYSICAL CONDITION AND LAND TO BUILDING RATIO ALLOW THE PRESENT STRUCTURE AND INDICATE A GOOD UTILIZATION OF THE IMPROVEMENTS.  BASED ON CURRENT MARKET CONDITIONS, THE PRESENT USE AND STRUCTURE AS A SINGLE FAMILY RESIDENCE IS IT'S FINANCIALLY FEASIBLE AND MAXIMALLY PRODUCTIVE USE.   THE SUBJECT IS LOCATED IN AN R-4 ZONE. (residential zone, minimum lot size 10,500 sq feet, the subject's current use is legal nonconforming, grandfathered use)

ADJUSTMENT BASED ON $4,000 PER FULL BATH. GLA BASED ON $40 PER SQUARE FOOT AND ROUNDED.  ALL COMPARABLES CONSIDERED IN THE FINAL DETERMINATION OF MARKET VALUE.

THE SUBJECT WAS PURCHASED FOR $475,000 ON 07/19/2021.

THE SUBJECT HAS NOT BEEN LISTED FOR SALE IN THE LAST 12 MONTHS.

| | |
|---|---|
| Signature *John Mack* | Signature _____ |
| Name  JOHN MACK | Name _____ |
| Date Signed     05/00/2022 | Date Signed _____ |
| State Certification # _____        State | State Certification # _____        State |
| Or State License #   42RA00320500        State NJ | Or State License # _____        State |

 **REALIST**

APN 21-00507-0000-00004 | CLIP 8622759461

⚲ 176 Central Ave, West Caldwell, NJ 07006-7747, Essex County

## STANDARD FLOOD MAP

Flood Zone Determination
**OUT**

Flood Zone Legend
- 2020 or B Zone
- A Zone
- V Zone
- D Zone
- Floodway
- Coastal Barrier Resource Area
- 🏠 Subject Property

| | |
|---|---|
| Special Flood Hazard Area (SFHA) | Out |
| Community Participation Status | R - Regular |
| Within 250 feet of multiple flood zone | No |
| Flood Zone Panel | 340196-0082 |
| Flood Zone Code | X |
| Panel Date | April, 3, 2020 |
| County | Essex |
| Original Panel Firm Date | April, 16, 1979 |
| FIPS Code | 34013 |
| Coastal Barrier Resource Area (CBRA) | Out |
| Community Name | West Caldwell, Township Of |

**Flood Map**  Courtesy of John Mack, NJMLS
The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be
independently verified by the recipient of this report with the applicable county or municipality. This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 05/31/22 12:18 AM UTC
Page 1/2



**GLOSSARY**

**Flood Zone Determination**

This report provides flood zone information based on the FEMA Flood Insurance Rate Maps(FIRMs). Also provides whether the property location is within a Special Flood Hazard Area (SFHA) and whether the property location is within 250 feet of the SFHA.

**SFHA (Flood Zone)**

Indicates whether the property location is In or Out of a Special Flood Hazard Area (100- Year floodplain).

**Panel**

Two-to-four-digit number and suffix assigned by FEMA for the map panel.

**Within 250 Feet of Flood Zone**

Provides a Yes or No response if the property is within 250 feet of the SFHA boundary.

**Panel Date**

Date of the FEMA map panel.

**Community**

A 6-digit community number code for the community.

**CBRA**

Coastal Barrier Resource Act (CBRA) protects areas that serve as barriers against wind and tidal forces caused by coastal storms, and serves as habitat for aquatic species.Returns In or Out, for identifying whether the property is located within a CBRA zone.

**Community Name**

Name of the community.

**Flood Zone**

Flood zone for the property location based on the FEMA FIRM.

**Map Number**

FEMA Map Number for the Flood Insurance Rate Map.

**FIPS Code**

The five-digit state and county FIPS code.

**Flood Map**   Courtesy of John Mack, NJMLS

The data within this report is compiled by CoreLogic from public and private sources. The data is deemed reliable, but is not guaranteed. The accuracy of the data contained herein can be independently verified by the recipient of this report with the applicable county or municipality.This report is for informational purposes only and is not a Flood Certification Report.

Generated on: 05/31/22 12:18 AM UTC
Page 2/2

**DEFINITION OF MARKET VALUE:**  The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.  Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated, (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.  (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

   * Adjustments to the comparables must be made for special or creative financing or sales concessions.  No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.  Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.  Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:**  The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1.   The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.  The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.  The property is valued on the basis of it being under responsible ownership.

2.   Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property.  The appraiser has made no survey of the property.

3.   The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4.   Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

5.   The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.  This appraisal report must not be considered an environmental assessment of the subject property.

6.   The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.  The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

7.   The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

8.   The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

9.   The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.  The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

10.   The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report.  This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

Form ACR2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

File No. BL 507  LOT 4

**CERTIFICATION:** The appraiser certifies and agrees that:

1.  The statements of fact contained in this report are true and correct.

2.  The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial and unbiased professional analyses, opinions, and conclusions.

3.  Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.

4.  Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.  I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

6.  My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.  My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8   My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

9.  Unless otherwise indicated, I have made a personal inspection of the interior and exterior areas of the property that is the subject of this report, and the exteriors of all properties listed as comparables.

10.  Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

**ADDRESS OF PROPERTY ANALYZED:**      176 CENTRAL AVE, West Caldwell, NJ 07006

| APPRAISER: | SUPERVISORY or CO-APPRAISER (if applicable): |
|---|---|
| Signature: _John Mack_ | Signature: _____ |
| Name:  JOHN MACK | Name: _____ |
| Title: _____ | Title: _____ |
| State Certification #: _____ | State Certification #: _____ |
| or State License #:  42RA00320500 | or State License #: _____ |
| State:  NJ   Expiration Date of Certification or License:  12/31/2023 | State: ____ Expiration Date of Certification or License: ____ |
| Date Signed:  05/30/2022 | Date Signed: _____ |
| | ☐ Did  ☐ Did Not  Inspect Property |

Page 2 of 2

| Borrower/Client | FREDERICO MAGALHAES | | | | File No. BL 507 LOT 4 | |
| Property Address | 176 CENTRAL AVE | | | | | |
| City | West Caldwell | County | ESSEX | State | NJ | Zip Code 07006 |
| Lender | FREDERICO MAGALHAES | | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Report is one of the following types:

[X] **Appraisal Report** (A written report prepared under Standards Rule 2-2(a) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

[ ] **Restricted Appraisal Report** (A written report prepared under Standards Rule 2-2(b) , pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:
- The statements of fact contained in this report are true and correct.
- The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
- Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
- Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.
- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
- My engagement in this assignment was not contingent upon developing or reporting predetermined results.
- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
- My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.
- Unless otherwise indicated, I have made a personal inspection of the property that is the subject of this report.
- Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

## Reasonable Exposure Time (USPAP defines Exposure Time as the estimated length of time that the property interest being appraised would have been offered on the market prior to the hypothetical consummation of a sale at market value on the effective date of the appraisal.)
My Opinion of Reasonable Exposure Time for the subject property at the market value stated in this report is:       WITHIN 1 TO 100 DAYS

## Comments on Appraisal and Report Identification
Note any USPAP-related issues requiring disclosure and any state mandated requirements:
Prior services - The appraiser of this report, has not provided any prior services for the subject property in the 36 months prior to the effective date of the report.

**APPRAISER:**

Signature:
Name: JOHN MACK
State Certification #:
or State License #: 42RA00320500
State: NJ    Expiration Date of Certification or License: 12/31/2023
Date of Signature and Report: 05/30/2022
Effective Date of Appraisal: APRIL 30, 2022
Inspection of Subject: [ ] None  [X] Interior and Exterior  [ ] Exterior-Only
Date of Inspection (if applicable): APRIL 30, 2022

**SUPERVISORY or CO-APPRAISER (if applicable):**

Signature:
Name:
State Certification #:
or State License #:
State:    Expiration Date of Certification or License:
Date of Signature:
Inspection of Subject: [ ] None  [ ] Interior and Exterior  [ ] Exterior-Only
Date of Inspection (if applicable):

| Borrower/Client | FREDERICO MAGALHAES |
|---|---|
| Property Address | 176 CENTRAL AVE |
| City | West Caldwell | County ESSEX | State NJ | Zip Code 07006 |
| Lender | FREDERICO MAGALHAES |



**Subject Front**

| | |
|---|---|
| 176 Central Ave | |
| Sales Price | |
| Gross Living Area | 1,580 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | traffic st |
| View | .16 ACRE/AVG |
| Site | |
| Quality | |
| Age | 130 |



**Subject Rear**



**Subject Street**

| Borrower/Client | FREDERICO MAGALHAES | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 176 CENTRAL AVE | | | | | | |
| City | West Caldwell | County | ESSEX | State | NJ | Zip Code | 07006 |
| Lender | FREDERICO MAGALHAES | | | | | | |



**Subject Front**

| | |
|---|---|
| 176 Central Ave | |
| Sales Price | |
| Gross Living Area | 1,580 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | traffic st |
| View | .16 ACRE/AVG |
| Site | |
| Quality | |
| Age | 130 |



**Subject Rear**



**Subject Street**

| Borrower/Client | FREDERICO MAGALHAES | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 176 CENTRAL AVE | | | | | | |
| City | West Caldwell | | County | ESSEX | State | NJ | Zip Code 07006 |
| Lender | FREDERICO MAGALHAES | | | | | | |

  

  

  

  



| Borrower/Client | FREDERICO MAGALHAES | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 176 CENTRAL AVE | | | | | |
| City | West Caldwell | County | ESSEX | State | NJ | Zip Code | 07006 |
| Lender | FREDERICO MAGALHAES | | | | | |



### Comparable 1

30 Fairfield Ave
| | |
|---|---|
| Prox. to Subject | 0.71 miles W |
| Sale Price | 500,000 |
| Gross Living Area | 1,783 |
| Total Rooms | 7 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | traffic st |
| View | .17 ACRE/AVG |
| Site | |
| Quality | |
| Age | 109 |



### Comparable 2

14 Kramer Ave
| | |
|---|---|
| Prox. to Subject | 0.17 miles NE |
| Sale Price | 537,500 |
| Gross Living Area | 2,180 |
| Total Rooms | 8 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | average |
| View | .33 ACRE/AVG |
| Site | |
| Quality | |
| Age | 94 |



### Comparable 3

133 Central Ave
| | |
|---|---|
| Prox. to Subject | 0.20 miles S |
| Sale Price | 570,000 |
| Gross Living Area | 1,273 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.1 |
| Location | traffic st |
| View | .20 ACRE/AVG |
| Site | |
| Quality | |
| Age | 97 |

| Borrower/Client | FREDERICO MAGALHAES | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 176 CENTRAL AVE | | | | | |
| City | West Caldwell | County | ESSEX | State | NJ | Zip Code | 07006 |
| Lender | FREDERICO MAGALHAES | | | | | |



### Comparable 4

| | |
|---|---|
| 113 Lane Ave | |
| Prox. to Subject | 1.21 miles SW |
| Sale Price | 535,000 |
| Gross Living Area | 1,896 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 1.1 |
| Location | traffic st |
| View | .20 ACRE/AVG |
| Site | |
| Quality | |
| Age | 117 |

### Comparable 5

| | |
|---|---|
| Prox. to Subject | |
| Sale Price | |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | |
| View | |
| Site | |
| Quality | |
| Age | |

### Comparable 6

| | |
|---|---|
| Prox. to Subject | |
| Sale Price | |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | |
| View | |
| Site | |
| Quality | |
| Age | |

| Borrower/Client | FREDERICO MAGALHAES | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 176 CENTRAL AVE | | | | | |
| City | West Caldwell | County | ESSEX | State | NJ | Zip Code 07006 |
| Lender | FREDERICO MAGALHAES | | | | | |



**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 1 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:

FREDERICO C. MAGALHAES,

         Debtor(s)

Case No.: _____22-13079 SLM_____

Judge: _____Stacey L. Meisel_____

## Chapter 13 Plan and Motions

☐ Original

☒ Motions Included

☒ Modified/Notice Required

☐ Modified/No Notice Required

Date: _____October 3, 2022_____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

---

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

---

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____HR_____    Initial Debtor: _____FM_____    Initial Co-Debtor: _____

## Part 1:   Payment and Length of Plan

a.  The debtor shall pay $ _____**_____ per _____MONTH_____ to the Chapter 13 Trustee, starting on
_____May 1, 2022_____ for approximately _____60_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:
Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☒ Other information that may be important relating to the payment and length of plan:

** i. $1,500 per month, starting in May of 2022, through and including January of 2023 (9 Months)
   ii. $2,000 per month, starting in February of 2023, for a period of fifty-one (51 Months)

## Part 2:   Adequate Protection ☒ NONE

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:   Priority Claims (Including Administrative Expenses)

a.   All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 3,650 |
| DOMESTIC SUPPORT OBLIGATION | | |
| STATE OF NEW JERSEY, DIVISION OF TAXATION | PRIORITY INCOME TAX LIABILITY | $0 OR UNKNOWN |

b.   Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4:   Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Caterpillar Financial | 2019 Caterpillar Hydraulic Excavator | $25,000 | N/A | $25,000 | Cont'd pays 5/1/2022 |
| Caterpillar Financial | 2019 Caterpillar Compact Truck Loader | $25,000 | N/A | $25,000 | Cont'd pays 5/1/2022 |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

    1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

> The following secured claims are unaffected by the Plan:

i. Flagstar Bank, continued payments, no arrears, regarding mortgage against real property located at 176 Central Avenue, West Caldwell, New Jersey. Continued payments by the Debtor, directly to Flagstar Bank.

ii. Ally Financial, continued payments, no arrears, regarding automobile loan secured by a 2022 Chevrolet Silverado Pick Up.  Continued payments by the Debtor, directly to Ally Financial, no arrears.

**g. Secured Claims to be Paid in Full Through the Plan**:  ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| MARK AND JENNIFER O'CONNOR | NON-AVOIDABLE SECURED PART OF JUDGMENT LIEN AGAINST REAL PROPERTY LOCATED AT 176 CENTRAL AVENUE, WEST CALDWELL, NEW JERSEY | THE SUM OF $38,952.33, REPRESENTING NON-AVOIDABLE PART OF JUDGMENT TO BE BE FULLY PAID AS A SECURED CLAIM |
| STATE OF NEW JERSEY, DIVISION OF TAXATION | REAL PROPERTY RE: 176 CENTRAL AVENUE, WEST CALDWELL, NEW JERSEY | $8,321.53 PAYMENT IN FULL OF SECURED CLAIM |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases ☐ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| MB Financial | $1,350 | AUTOMOBILE LEASE REGARDING A MB GLE450W4 | ASSUME LEASE | CONTINUED PAYMENTS BY THE DEBTOR, STARTING 5/1/20202, DIRECTLY TO MB FINANCIAL |

## Part 7:    Motions ☐ NONE

NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a.  **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Mark and Jennifer O'Connor | Real Property Located at 176 Central Avenue West Caldwell, NJ 07006 | Judgment Lien | 216,481.88 | $525,000 | $27,900 | Flagstar Bank, FSB, first mortgage, in the amount of $449,826.14, State of New Jersey, Division of Taxation, tax lien in the amount of $8,321.53, total amount of liens of $458,147.67 | $177,529.55 of the judgment is to be avoided, the sum of $38,952.33 is a non-avoidable secured claim. The sum of $38,952.33 is to be paid as a secured claim through the plan. |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**   ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**   ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Counsel Fees and Supp.  Counsel Fees (Fully Paid before other claims)

3) Secured Claims and then Priority Claims

4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:    Modification ☒ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed.  A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified:  May 17, 2022                          .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Modified plan is being filed, principally, to address a claim pertaining to a judgment against the real estate.  Plan includes a motion to avoid part of this judgment, bifurcating the judgment, calling for payment of a secured claim (to the extent the judgment is not avoidable, providing for full payment of the secured claim) and for the avoidable part of the judgment to be treated as an unsecured claim under the plan.  Payments continue in the same amount and then increase later in the year premised on increased business for the Debtor as the year progresses and everything normalizes post Corona Virus.  The plan also now provides for the payment of New Jersey Taxation's Secured Claim. | The plan includes a judgment avoidance motion and provides for part of the judgment that cannot be avoided.  Plan payments remain the same and then increase later in the year. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐  Yes    ☒  No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: October 3, 2022 _____          /S/ FREDERICO C. MAGALHAES _____
                                                    Debtor

Date: _____                          _____
                                                    Joint Debtor

Date: October 3, 2022 _____          /S/ HERBERT B. RAYMOND, ESQ. _____
                                                    Attorney for Debtor(s)